ROLL 45 PAGE 873        38934        Recorded this 26th Day of Feb 19 99 at 9:50
                                      O'Clock A. M. Recorded on Roll 45 Page 873
                                                                Granite County Recorder
                                      Fee 48.00 by Blanche Pedersen Deputy

### RECIPROCAL EASEMENT AGREEMENT       INDEXED

THIS RECIPROCAL EASEMENT AGREEMENT (the "Easement Agreement") is entered into effective as of the 30th day of December, 1998, by and between Y. T. TIMBER, INC., an Idaho corporation, whose address is 4414 S. Gekeler Lane, Boise, Idaho 83716 (hereinafter referred to as "Y. T. Timber"), BLACK PINE MEADOWS, LLC, a Montana limited liability company, whose address is 210 Milwaukee, Deer Lodge, Montana 59722 (hereinafter referred to as "Black Pine"), and JAY R. KRIEG (aka Jay Robert Krieg) and CHERI KRIEG, husband and wife, whose address is P.O. Box 513, Phillipsburg, Montana 59858 (hereinafter referred to as "Krieg"), and SHEILA K. KRIEG as to Paragraph 5 only.

### RECITALS

A.  Y. T. Timber is the owner of real property described as Lots 1 - 4 inclusive and the S1/2N1/2 and S1/2 of Section 1, T7N, R15W, P.M.M., and Lots 1 - 5 inclusive and the SE1/4NE1/4 and the NE1/4SE1/4 of Section 6, T7N, R14W, P.M.M., Granite County, Montana, which real property is hereinafter referred to as the "YTT Property";

B.  Black Pine is the owner of real property described as the NE1/4 of Section 12, T7N, R15W, P.M.M., Granite County, Montana, hereinafter referred to as the "Black Pine Section 12 Property" and Lots 6 and 7 and the SE1/4SW1/4, SE1/4SE1/4, W1/2SE1/4, SW1/4NE1/4, NE1/4SW1/4, SE1/4NW1/4 of Section 6, T7N, R14W, P.M.M., Granite County, Montana, hereinafter referred to as the "Black Pine Section 6 Property";

C.  Krieg is the owner of real property described as the SE1/4 of Section 12, T7N, R15W, P.M.M., Granite County, Montana, hereinafter referred to as the "Krieg Property";

D.  Each of the parties hereto acknowledges that roadway and utility access to the properties to be benefited by the reciprocal easements provided for in this Easement Agreement will enhance the market value of all the properties owned by the parties. Therefor, the parties desire to grant each to the other easements over, across and under their respective properties for the benefit of the other parties' properties such that the properties owned by each of

GOVERNMENT EXHIBIT 2   CARDELS 800-783-0399

ROLL 45 PAGE 873

the parties will have (i) the ability to install and maintain utility lines to service their respective properties, and (ii) access for ingress and egress to their respective properties, from Montana State Highway 348.

NOW THEREFORE, in consideration of the above Recitals and the mutual grants of easements as hereinafter provided the parties hereto agree as follows:

1.  Y. T. Timber hereby grants a non-exclusive utility and road easement for ingress and egress into the Black Pine Section 6 Property through the YTT Property over, across and under the real property more particularly described as Easement A in Exhibit "A" attached hereto and by this reference made a part hereof.

2.  Each of Black Pine and Krieg hereby grants to Y. T. Timber a non-exclusive utility and road easement for ingress and egress in and to the YTT Property over, across and under those portions of the Black Pine Section 12 Property and the Krieg Property respectively more particularly described as Easement B in Exhibit "A".

3.  Krieg hereby grants to Black Pine a non-exclusive utility and road easement for ingress and egress in and to the Black Pine Section 12 Property over, across and under that portion of the Krieg Property more particularly described as Easement C in Exhibit "A".

4.  By the grant of the respective reciprocal easements contained herein the parties intend that each of the recipients of the respective easements shall have the full, non-exclusive, perpetual right to the use and enjoyment of the easements for the benefit of their respective properties for purposes of construction and maintenance of roadways and construction and maintenance of utility facilities to service their respective properties. The

RECIPROCAL EASEMENT AGREEMENT                                  - PAGE 2

ROLL 45 PAGE 873

grants of easements contained herein are perpetual, shall run with the land and be binding upon, and inure to the benefit of, the successors in interest of the parties hereto.

5.  Sheila K. Krieg, Mortgagee under that certain Mortgage granted by Jay Robert Krieg dated October 16, 1998 and recorded at Role 45 of Microfilm at Page 382 on October 20, 1998 (the "Mortgage"), hereby consents to the easements set forth in Paragraphs 2 and 3 above and agrees that the Mortgage shall be subordinate in interest to such easements. This subordination of the Mortgage to the easements shall in no way be deemed to amend, modify, or effect the Mortgage in any way other than to assure the continuation of the easements in the event any action is taken to foreclose the Mortgage or otherwise convey the rights and interests of the Mortgagee.

IN WITNESS WHEREOF the parties hereto have executed the above and foregoing Easement Agreement effective as of the date first set forth above.

Y. T. TIMBER, INC., an Idaho corporation

By: _____
    Ronald C. Yanke, President

BLACK PINE MEADOWS, LLC, a Montana limited liability company

By: _____
    James C. Lane, Member

By: _____
    Deanna Lane, Member

RECIPROCAL EASEMENT AGREEMENT                                  - PAGE 3

ROLL 45 PAGE 873

By: _____
    Jay R. Krieg, Member

By: _____
    Cheri Krieg, Member

KRIEG

_____
Jay R. Krieg

_____
Cheri Krieg

_____
Sheila K. Krieg, only as to Paragraph 5 of the Easement Agreement

STATE OF IDAHO )
                ) ss
County of ADA )

On this 30th day of November, 1998, before me the undersigned Notary Public for the state of Idaho, personally appeared RONALD C. YANKE, President of Y. T. TIMBER, INC., the corporation which executed the foregoing document, known to me or identified to me to be the person whose name is subscribed to the foregoing, and acknowledged to me that he executed the same for and on behalf of the corporation and in its name.

IN WITNESS WHEREOF, I have hereunto set my hand and seal the day and year first above written.

(Notary Seal: LORI ANN O'LEARY, NOTARY PUBLIC, STATE OF IDAHO)

_____
Notary Public for the state of Idaho
Residing at: _____
My commission expires: 4/12/2001

RECIPROCAL EASEMENT AGREEMENT      - PAGE 4

ROLL 45 PAGE 873

STATE OF MONTANA     )
                     ) ss
County of Granite    )

On this 30th day of January, 1999, before me, the undersigned Notary Public for the state of Montana, personally appeared **JAMES C. LANE, DEANNA LANE, JAY R. KRIEG, AND CHERI KRIEG**, members of **BLACK PINE MEADOWS, LLC**, a Montana limited liability company, the limited liability company which executed the foregoing document, known to me or identified to me to be the persons whose names are subscribed to the foregoing, and acknowledged to me that they executed the same for and on behalf of the limited liability company and in its name.

IN WITNESS WHEREOF, I have hereunto set my hand and seal the day and year first above written.



_Lacie M. Naverie_
Notary Public for the state of Montana

Residing at: Anaconda, MT

My commission expires: 08-01-02

STATE OF MONTANA     )
                     ) ss
County of Granite    )

On this 30th day of January, 1999, before me, the undersigned Notary Public for the state of Montana, personally appeared **JAY R. KRIEG and CHERI KRIEG**, husband and wife, known to me or identified to me to be the persons whose names are subscribed to the foregoing, and acknowledged to me that they executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and seal the day and year first above written.



_Lacie M. Naverie_
Notary Public for the state of Montana

Residing at: Anaconda, MT

My commission expires: 08-01-02

RECIPROCAL EASEMENT AGREEMENT                                      - PAGE 5

ROLL 45 PAGE 873

STATE OF NEW YORK )
                  ) ss
County of St.Lawrence )

On this 11th day of February, 1999, before me, the undersigned Notary Public for the state of New York, personally appeared SHEILA K. KRIEG, known to me or identified to me to be the person whose name is subscribed to the foregoing, and acknowledged to me that she executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and seal the day and year first above written.

April D Wells
Notary Public for the state of New York

Residing at: Madrid, NY

My commission expires: 12/11/99

APRIL D. WELLS
Notary Public - State of New York
NO. 01WE5063188
Qualified in St Lawrence County
My Commission Expires 12/11/99

RECIPROCAL EASEMENT AGREEMENT                                    - PAGE 6

ROLL 45 PAGE 873

EXHIBIT "A"

LEGAL DESCRIPTION EASEMENT A

A ROAD AND UTILITY EASEMENT FOR INGRESS AND EGRESS INTO SECTION 6, T7N, R14W, P.M.M., THROUGH SECTION 1, T7N, R15W, P.M.M., GRANITE COUNTY, MONTANA. SAID EASEMENT IS MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE SECTION CORNER COMMON TO SECTIONS 6 AND 7, T7N, R14W, P.M.M. WHICH IS ALSO THE SECTION CORNER COMMON TO SECTIONS 1 AND 12 T7N, R15W, P.M.M.; THENCE N0°11'15"E, 100.00' ALONG THE SECTION LINE COMMON TO SECTIONS 1 AND 6; THENCE N89°54'59"W, 60.00'; THENCE S0°11'55"W, 100.00'; THENCE ALONG THE SECTION LINE COMMON TO SECTIONS 1 AND 12 S89°54'59"E, 60.00' TO THE POINT OF BEGINNING.

LEGAL DESCRIPTION EASEMENT B

A ROAD AND UTILITY EASEMENT FOR INGRESS AND EGRESS INTO SECTION 1, THROUGH SECTION 12, ALL IN T7N, R15W, P.M.M., GRANITE COUNTY, MONTANA. SAID EASEMENT IS 60 FT. IN TOTAL WIDTH, 30 FT. ON EACH SIDE OF THE FOLLOWING DESCRIBED CENTERLINE:

BEGINNING AT A POINT ON THE NORTHERLY RIGHT OF WAY OF STATE HIGHWAY 348, FROM WHICH THE SECTION CORNER COMMON TO SECTIONS 12, 13, 7, 18 BEARS S27°04'34"E, 311.63'; THENCE ALONG A CURVE TO THE LEFT 131.22', SAID CURVE HAVING A RADIUS OF 142.50' AND RADIAL BEARING OF S67°09'54"W; THENCE ALONG A CURVE TO THE RIGHT 145.19'; SAID CURVE HAVING A RADIUS OF 88.35'; THENCE ALONG A CURVE TO THE LEFT 195.91', SAID CURVE HAVING A RADIUS OF 172.79'; THENCE ALONG A CURVE TO THE RIGHT 564.86', SAID CURVE HAVING A RADIUS OF 677.72'; THENCE N01°20'54"E, 387.92'; THENCE ALONG A CURVE TO THE LEFT 170.39', SAID CURVE HAVING A RADIUS OF 213.96'; THENCE ALONG A CURVE TO THE RIGHT 195.30', SAID CURVE HAVING A RADIUS OF 784.10'; THENCE N30°00'55"W, 296.52; THENCE ALONG A CURVE TO THE LEFT 187.13', SAID CURVE HAVING A RADIUS OF 472.10'; THENCE ALONG A CURVE TO THE RIGHT 120.71', SAID CURVE HAVING A RADIUS OF 80.41'; THENCE N33°17'13"E, 76.76'; THENCE ALONG A CURVE TO THE LEFT 192.41', SAID CURVE HAVING A RADIUS OF 575.28'; THENCE ALONG A CURVE TO THE RIGHT 18.90', SAID CURVE HAVING A RADIUS OF 430.88' TO A POINT ON THE MIDSECTION LINE OF SECTION 12 FROM WHICH THE 1/4 CORNER COMMON TO SECTIONS 12 AND 7 BEARS N89°58'41"E, 886.92'; THENCE ALONG A CURVE TO THE RIGHT 90.51', SAID CURVE HAVING A RADIUS OF 430.88'; THENCE ALONG A CURVE TO THE LEFT 144.84', SAID CURVE HAVING A RADIUS OF 226.17'; THENCE N08°01'42"W, 316.57'; THENCE ALONG A CURVE TO THE RIGHT 45.00', SAID CURVE HAVING A RADIUS OF 189.22'; THENCE ALONG A CURVE TO THE LEFT 60.00', SAID CURVE

ROLL 45 PAGE 873

HAVING A RADIUS OF 185.00'; THENCE N12°59'05"W, 111.46'; THENCE ALONG A CURVE TO THE LEFT 59.73', SAID CURVE HAVING A RADIUS OF 257.50'; THENCE ALONG A CURVE TO THE RIGHT 65.88', SAID CURVE HAVING A RADIUS OF 145.92'; THENCE N0°26'00"W, 225.63'; THENCE ALONG A CURVE TO THE LEFT 539.01', SAID CURVE HAVING A RADIUS OF 1102.85'; THENCE N28°26'10"W, 332.70'; THENCE ALONG A CURVE TO THE RIGHT 296.69', SAID CURVE HAVING A RADIUS OF 815.70'; THENCE ALONG A CURVE TO THE LEFT 138.92', SAID CURVE HAVING A RADIUS OF 457.36'; THENCE ALONG A CURVE TO THE RIGHT 275.24', SAID CURVE HAVING A RADIUS OF 502.42'; THENCE N06°23'12"E, 53.47' TO THE END OF SAID EASEMENT WHICH IS A POINT ON THE SECTION LINE COMMON TO SECTIONS 1 AND 12 FROM WHICH THE SECTION CORNER COMMON TO SECTIONS 1, 12, 6, 7 BEARS S89°54'59"E, 1393.56'.

LEGAL DESCRIPTION EASEMENT C

A ROAD AND UTILITY EASEMENT FOR INGRESS AND EGRESS INTO THE NE1/4 SECTION 12, THROUGH THE SE1/4 SECTION 12 IN T7N, R15W, P.M.M., GRANITE COUNTY, MONTANA. SAID EASEMENT IS 60' IN TOTAL WIDTH, 30 FEET ON EACH SIDE OF THE FOLLOWING DESCRIBED CENTERLINE:

BEGINNING AT A POINT ON THE NORTHERLY RIGHT OF WAY OF STATE HIGHWAY 348, FROM WHICH THE SECTION CORNER COMMON TO SECTIONS 12, 13, 7, 18 BEARS S27°04'34"E, 311.63'; THENCE ALONG A CURVE TO THE LEFT 131.22', SAID CURVE HAVING A RADIUS OF 142.50' AND RADIAL BEARING OF S67°09'54"W; THENCE ALONG A CURVE TO THE RIGHT 145.19'; SAID CURVE HAVING A RADIUS OF 88.35'; THENCE ALONG A CURVE TO THE LEFT 195.91', SAID CURVE HAVING A RADIUS OF 172.79'; THENCE ALONG A CURVE TO THE RIGHT 564.86', SAID CURVE HAVING A RADIUS OF 677.72'; THENCE N01°20'54"E, 387.92'; THENCE ALONG A CURVE TO THE LEFT 170.39', SAID CURVE HAVING A RADIUS OF 213.96'; THENCE ALONG A CURVE TO THE RIGHT 195.30', SAID CURVE HAVING A RADIUS OF 784.10'; THENCE N30°00'55"W, 296.52'; THENCE ALONG A CURVE TO THE LEFT 187.13', SAID CURVE HAVING A RADIUS OF 472.10'; THENCE ALONG A CURVE TO THE RIGHT 120.71', SAID CURVE HAVING A RADIUS OF 80.41; THENCE N33°17'13"E, 76.76'; THENCE ALONG A CURVE TO THE LEFT 192.41', SAID CURVE HAVING A RADIUS OF 575.28'; THENCE ALONG A CURVE TO THE RIGHT 18.90', SAID CURVE HAVING A RADIUS OF 430.88' TO A POINT ON THE MIDSECTION LINE OF SECTION 12 AND THE END OF SAID EASEMENT. THE 1/4 CORNER OF SECTIONS 12 AND 7 BEARS N89°58'41"E, 886.92' FROM SAID POINT.